LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, New York 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorney for Plaintiff*

FILED
CLERK

2012 MAY 29 PM 2: 42

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

LIBORIO "MATEO" IRIARTE,
on behalf of himself and others similarly situated,

    Plaintiff,

v.

250 JFK CAFÉ INC. d/b/a 250 JFK CAFETERIA

    Defendants.

---

SUMMONS ISSUED

CV 12 - 2681

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

AMON, CH.J.

AZRACK, M.J.

Plaintiff, LIBORIO "MATEO" IRIARTE ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Complaint against Defendant, 250 JFK CAFÉ INC. d/b/a 250 JFK CAFETERIA ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, LIBORIO "MATEO" IRIARTE, is a resident of New York County, New York.

6. Defendant, 250 JFK CAFÉ INC. d/b/a 250 JFK CAFETERIA is a domestic business corporation organized under the laws of New York, with a principal executive office located at and an address for service of process located at AMC JFK Building 250, Jamaica, NY 11430.

7. At all relevant times, Defendant, 250 JFK CAFÉ INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

9. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

10. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff, his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

12. In or about February of 2000 Plaintiff, LIBORIO "MATEO" IRIARTE, was hired by Defendant to work as a food preparer and dishwasher for Defendant's "250 JFK Cafeteria." food/beverage establishment located at AMC JFK 250, Jamaica, New York 11430.

13. Plaintiff, LIBORIO "MATEO" IRIARTE, worked for Defendant until on or about February 08, 2012.

14. During the employment of Plaintiff, LIBORIO "MATEO" IRIARTE, by Defendant, he worked over forty (40) hours per week. During LIBORIO "MATEO" IRIARTE'S employment by Defendant, he often worked over ten (10) hours per day.

15. On average, LIBORIO "MATEO" IRIARTE worked 6 days a week and for 10 hours per day. LIBORIO "MATEO" IRIARTE received his compensation on a fixed salary basis, at a rate of $400 per week.

16. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

17. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

18. Defendant knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

19. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during his period of employment with Defendants.

20. Plaintiff retained Kraselnik & Lee, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

21. Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

23. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

24. Upon information and belief, at all relevant times, Defendant, 250 JFK CAFE INC., had gross annual revenues in excess of $500,000.

25. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

26. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

27. Plaintiff worked hours for which he was not paid the statutory minimum wage.

28. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

29. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

30. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

31. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

32. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff minimum wages for hours worked when Defendant knew or should have known such was due.

33. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

36. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

39. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

40. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

41. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten (10) or more hours.

42. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

43. Defendant willfully violated Plaintiff's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on a salary basis.

44. Due to the Defendant's New York Labor Law violations Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and minimum wages pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 24, 2012

                Respectfully submitted,

                LAW OFFICES OF
                ROBERT L. KRASELNIK, PLLC
                Robert L. Kraselnik (RK 0684)
                271 Madison Avenue, Suite 1403
                New York, NY 10016
                Tel.: 212-576-1857
                Fax: 212-576-1888
                *Attorney for Plaintiff*

By: _____
      ROBERT KRASELNIK (RK 0684)